Marcelo Federico BIANCHI–
MONTAÑA, Plaintiff,

v.

Pablo CRUCCI–SILVA,
et al., Defendants.

Civil No. 09–1409 (FAB).

United States District Court,
D. Puerto Rico.

Oct. 3, 2011.

Carlos E. Aguilar–Perez, Woods and Woods, San Juan, PR, for Plaintiff.

Ivan E. Aponte–Gonzalez, I. Aponte Law Office, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On July 15, 2011, plaintiff filed a motion purporting to be under the auspices of Federal Rule of Civil Procedure 59(e). (*See* Docket No. 204.) The motion, however, does not request that the Court alter or amend its own judgment, but rather requests that the Court overturn the jury's verdict and enter judgment as a matter of law, or in the alternative, grant a new trial. *See id.* Thus, the motion actually seeks relief under Federal Rule of Civil Procedure 50 ("Rule 50"), which allows a renewed request for judgment as a matter of law within twenty-eight days of the jury's discharge and may be paired with an alternative request for a new trial. Fed. R.Civ.P. 50(b).

A court may grant judgment as a matter of law pursuant to Rule 50 "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.P. 50(a)(1). "The standard for granting a Rule 50 motion is stringent." *Malone v. Lockheed Martin Corp.,* 610 F.3d 16, 20 (1st Cir.2010). When a party files a motion under Rule 50, that "motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." "[T]he court should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it **may not make credibility determinations or weigh the evidence.**" *Reeves v. Sanderson Plumbing Prods.,*

*Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (emphasis added). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 150–52, 120 S.Ct. 2097 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Evidence supporting a verdict may be entirely circumstantial and it need not exclude every hypothesis contrary to the verdict; "that is, the fact-finder may decide among reasonable interpretations of the evidence." *Id.* A court may only grant judgment as a matter of law when "the evidence, together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely that the moving party was entitled to judgment." *Marrero v. Goya of P.R., Inc.,* 304 F.3d 7, 22 (1st Cir.2002) (quoting *Lama v. Borras,* 16 F.3d 473, 477 (1st Cir.1994)).

Plaintiff argues that, in light of portions of trial testimony summarized in his motion, the jury could not have reasonably returned a verdict for defendants. (*See* Docket No. 204 at 2–3.) Simply because the jury did not follow plaintiff's preferred interpretation of the evidence, however, does not mean that a reasonable person could not have reached the conclusion reflected in the verdict. The entirety of the evidence presented in this case consisted of the testimony of the parties. (*See* Docket Nos. 174 & 204.) The jury was free to weigh the perceived credibility of the parties and credit or discount their testimony accordingly. *See Aponte–Rivera v. DHL Solutions (USA), Inc.,* 650 F.3d 803, 808–09 (1st Cir.2011) (discussing jury's role to assess credibility of witnesses). That being the case, the Court

cannot conclude that the jury did not "have a legally sufficient evidentiary basis to find" that plaintiff failed to prove his claims by a preponderance of the evidence. *See* Fed.R.Civ.P. 50(a)(1).

■ Plaintiff's alternate request for a new trial suffers the same fate. "[W]hen an argument that the evidence was insufficient forms the basis of a motion for new trial, the district court is generally well within the bounds of its discretion in denying the motion using the same reasoning as in its denial of a motion for judgment as a matter of law." *Lama*, 16 F.3d at 477 (describing review of Rule 50 and Rule 59 challenges based on insufficient evidence as "essentially coterminous"). From the arguments presented in plaintiff's motion, there appears no convincing basis to conclude that " 'the motion was so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice.' " *See PH Group Ltd. v. Birch*, 985 F.2d 649, 653 (1st Cir.1993) (quoting *Pontarelli v. Stone*, 930 F.2d 104, 113 (1st Cir.1991)). Much like plaintiff's request for judgment as a matter of law, his request for a new trial asks the Court to invade the province of the jury and make credibility determinations other than those supporting the verdict. (*See* Docket No. 204.) For the reasons expressed above, the Court declines to do so. Accordingly, plaintiff's motion, (Docket No. 204), is **DENIED**.

**IT IS SO ORDERED.**